cc: All Counsel of Record

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 9 2006

at 1 o'clock and 45 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARISCO, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>F/V MADEE, et al.,<br><br>Defendants. | CV No. 02-93<br>CV No. 02-272<br>(Cases consolidated)<br><br>ORDER DENYING MOTIONS FOR NEW TRIAL |

Marisco, Ltd. ("Marisco") and Kiribati Seafood Co. ("Kiribati") have each filed motions for a new trial. "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." Wright & Miller, Fed. Practice & Proc. § 2803 (West 2005). Finding that neither side has met its burden, the Court hereby DENIES both motions for the following reasons:

1. <u>Motion of Marisco, Ltd.</u>

Marisco's motion addresses the Court's ruling on Marisco's third-party complaint, which alleged that Kiribati breached its duty to include Marisco as an "additional assured" on its insurance policy with International Speciality, Inc. ("ISI"). At trial, the Court found that Marisco had failed to prove by a preponderance of the evidence that it suffered any damage as a result of this breach. Marisco has failed to demonstrate that this conclusion was legally or factually incorrect, and accordingly, the motion for a new trial is DENIED.

2. <u>Motion of Kiribati Seafood Co.</u>

Kiribati's motion raises two issues. First, it alleges that the Court granted Marisco an award of damages on a claim that was not properly pled. This motion is without merit. Marisco's pleadings and supplemental disclosures more than adequately put Kiribati on notice of the damages sought at trial.

The second issue raised in Kiribati's motion is that a summary of issues, filed by the Court the day before trial, prejudiced Kiribati's ability to prepare for trial. This argument is meritless. The summary of issues was

explicitly not an order, as Kiribati claims. It did not in any way limit what evidence or argument could be presented at trial. It was simply the Court's attempt to briefly summarize the issues remaining to be litigated in an effort to streamline the trial. A party's failure to be adequately prepared for trial is hardly grounds for a new trial under Rule 59(a). See Ball v. Interoceanica Corp., 71 F.3d 73, 76 (2d Cir. 1995) ("A trial court should not grant a new trial merely because the losing party can probably present a better case on another trial.") (citations omitted).

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail or by telefax or by email, copies of this Order on counsel for the parties in this matter.

Dated: February 9, 2006

/s/ Edward Rafeedie
EDWARD RAFEEDIE
Senior United States District Judge

3