TOM PETRUS & MILLER LLLC
MICHAEL L. FREED                        1450
DAVID VANN DE CORDOVA, JR.              8477
mdesmarais@tpm-hawaii.com
Finance Factors Center
1164 Bishop Street, Suite 650
Honolulu, HI 96813
Tel. (808) 792-5804/Fax (808) 792-5809

Attorneys for Plaintiff MARISCO, LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MARISCO, LTD., a Hawai'i corporation,<br><br>Plaintiff,<br><br>vs.<br><br>F/V MADEE, UNITED STATES COAST GUARD DOCUMENT NO. D546488, *IN REM*, et al.,<br><br>Defendants. | CIVIL NOS.   02-00093 DAE/LEK<br>                      02-00272 DAE/LEK<br>(CONSOLIDATED CASES)<br><br>MARISCO, LTD.'S STATEMENT OF ISSUES FOR TRIAL ON REMAND; CERTIFICATE OF SERVICE |
| INTERNATIONAL SPECIALTY, INC. AS AUTHORIZED AGENTS FOR NATIONAL CASUALTY CO.,<br><br>Plaintiff,<br><br>vs.<br><br>MARISCO, LTD.,<br><br>Defendant. | |

| |
|---|
| MARISCO, LTD., a Hawaii corporation, |
|     Third-Party Plaintiff, |
|     vs. |
| KIRIBATI SEAFOOD CO. L.L.C., a foreign corporation, |
|     Third-Party Defendant. |

## STATEMENT OF ISSUES FOR TRIAL ON REMAND

Plaintiff Marisco, Ltd. submits its statement of issues for trial. On April 25, 2008, the Ninth Circuit Court of Appeals filed its Mandate in connection with its Judgment entered March 11, 2008, which affirmed in part, and reversed in part and remanded a single issue for trial.

Pursuant to the Magistrate Judge's order, entered June 16, 2008, counsel for the respective parties conferred on July 31, 2008. Pursuant to that conference, and on which there was agreement, the sole issue for trial set herein on April 21, 2009 is whether that certain letter agreement dated August 24, 2001 between he parties thereto was a substitute agreement with respect to their obligations under their original contract for the repair of the F/V Madee.

If the August 24, 2001 agreement constituted a novation, then Marisco would be limited to the amount due and owing ($200,000.00, plus interest and late charges) under the August 24, 2001 agreement. If not, Marisco would be able to pursue its claim under the original repair contract, the amount of which has already been litigated and decided by the trial court.

The Ninth Circuit in its Memorandum Decision stated the issue was one of the parties' "intent." *See Fanucchi & Limi Farms v. United Agri Prods.*, 414 F.3d 1075, 1082 (9th Cir. 2005) (" In deciding whether an agreement was meant to extinguish the old obligation and to substitute

a new one, ... courts seek to determine the parties' intent.") ("Novation is 'the substitute of a new obligation for an existing one.'").

Dated: Honolulu, Hawaii, August 1, 2008.

/s/ Michael L. Freed
MICHAEL L. FREED
DAVID VANN DE CORDOVA, JR.

Attorneys for Plaintiff Marisco, Ltd.

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above-attached document was duly served on the date and by the method noted below on:

DENNIS M. MORAN, ESQ.
5608 17th Avenue NW
Seattle, WA 98107
Attorneys for Kiribati Seafood Co., LLC and for International Speciality, Inc.
[U.S. MAIL - POSTAGE PREPAID]

Dated: Honolulu, Hawaii, August 1, 2008.

/s/ Michael L. Freed
MICHAEL L. FREED
DAVID VANN DE CORDOVA, JR.

Attorneys for Plaintiff Marisco, Ltd.