IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARISCO, LTD., a Hawaii corporation, | ) ) ) | CIVIL NO. 02-00093 DAE-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| F/V MADEE, UNITED STATES COAST GUARD DOCUMENT NO. D546488, IN REM, ET AL., | ) ) ) ) | |
| Defendants. | ) ) | |
| INTERNATIONAL SPECIALTY, INC. AS AUTHORIZED AGENTS FOR NATIONAL CASUALTY CO., | ) ) ) ) | CIVIL NO. 02-00272 DAE-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| MARISCO, LTD., | ) ) | |
| Defendant. | ) ) | |

**FINDINGS AND RECOMMENDATION TO DENY MARISCO'S MOTION
FOR STAY OF ENFORCEMENT OF JUDGMENT ENTERED JULY 8, 2005**

Before the Court, pursuant to a designation by United States District Judge David Alan Ezra, is Marisco, Ltd.'s ("Marisco") Motion for Stay of Enforcement of Judgment Entered July 8, 2005 ("Motion"), filed on May 11, 2009.[1]  Dennis Moran,

_____

[1] The Motion was originally a Motion for Temporary Restraining Order, Alternatively for Stay of Enforcement of Judgment Entered July 8, 2005.  The district judge held a hearing on the motion on May 14, 2009.  At the hearing, the district judge denied the request for a temporary restraining order and
(continued...)

Esq., counsel for International Specialty, Inc., as authorized agents for National Casualty Co. ("ISI"), and Kiribati Seafood Company, LLC ("Kiribati") filed a declaration in opposition to the Motion on May 14, 2009.  Marisco filed its reply on May 14, 2009.  On May 15, 2009, Mr. Moran filed another declaration in opposition, and ISI/Kiribati filed a response in opposition. Marisco filed another reply on May 15, 2009.  The district judge set this matter for a May 15, 2009 hearing before this Court. Appearing on behalf of Marisco were David Vann De Cordova, Esq., and, by telephone, Michael Freed, Esq., and appearing on behalf of ISI and Kiribati was Mr. Moran.  After careful consideration of the Motion, supporting and opposing documents, and the arguments of counsel, this Court HEREBY FINDS AND RECOMMENDS that the Motion be DENIED for the reasons set forth below.

<u>**BACKGROUND**</u>

These consolidated cases arise from the contractual relationship between Kiribati and Marisco for the repair of Kiribati's fishing vessel, the F/V Madee.  In Civil Number 02-00093, Marisco sought to collect unpaid amounts on the repair contract.  In Civil Number 02-00272, ISI, Kiribati's insurer, sought to recover repair costs for damages that the Madee sustained because of Marisco's negligent attachment of its

---

[1](...continued)
referred the remainder of the motion to this Court.

2

starboard rudder.  Following a bench trial, the district judge

awarded judgment in CV 02-00093 in favor of Marisco and against

the Madee and Kiribati in the amount of $404,829.08, plus costs

and pre-judgment interest, and judgment in CV 02-00272 in favor

of ISI and against Marisco in the amount of $189,760.30, plus

costs and pre-judgment interest.[2]

      The parties cross-appealed.  In an unpublished

decision, the Ninth Circuit reversed the judgment in CV 02-00093

and remanded the case to the district court to determine whether

Marisco accepted a letter agreement in satisfaction of Kiribati's

duty to pay the outstanding amounts on the repair contract.  The

Ninth Circuit affirmed the judgment in CV 02-00272.  <u>See</u> <u>Int'l</u>

<u>Speciality, Inc. v. Madee</u>, 269 Fed. Appx. 721 (9th Cir. 2008).

      Following the remand, on June 20, 2008, this Court

issued an Amended Rule 16 Scheduling Order setting trial for

April 21, 2009.  This Court held a settlement conference on

February 9, 2009.  A final pretrial conference was scheduled for

March 9, 2009, but it was not held because the parties

represented that they had reached a settlement.  This Court

instructed the parties to submit a stipulation for dismissal with

prejudice by April 8, 2009.  This Court scheduled status

conferences regarding the settlement on March 23, 2009 and

_____

      [2] The district judge who presided over the bench trial was
the Honorable Edward Rafeedie.

April 9, 2009.  At the March 23, 2009 conference, Mr. Freed
informed the Court that Mr. Moran was preparing the settlement
and dismissal documents.  At the April 9, 2009 conference,
Mr. Vann de Cordova stated that they recently received the
paperwork and that Mr. Moran was asserting an attorney's fee lien
on the judgment and that the settlement documentation had not
been completed.  This Court reminded counsel that trial was still
scheduled to commence on April 21, 2009 before the district
judge.  Mr. Moran did not appear at either the March 23, 2009 or
the April 9, 2009 status conferences.

On April 20, 2009, Marisco and ISI submitted a
stipulation stating, in its entirety:

> The parties, by and through their respective
> counsel, hereby stipulate and agree that in the
> case no CV 02-00093, in which trial is scheduled
> for April 21, 2009 following remand from the Ninth
> Circuit, Judgment shall be entered in the amount
> of $200,000 on the August 24, 2001 written
> contract to pay money, plus pre-judgment interest
> at 10% per annum from October 1, 2001.

[Stipulated Judgment in Favor of Marisco and Against Kiribati
Seafood Company, LLC. for Breach of Written Contract to Pay
Money, filed 4/21/09 (dkt. no. 585) ("Stipulated Judgment"), at
2.]  The district judge signed and filed the order directing the
entry of judgment on April 21, 2009.

On May 7, 2009, Marisco filed a Motion to Enforce
Settlement.  According to Marisco, on February 20, 2009 via
email, counsel reached a binding settlement agreement on behalf

4

of the parties whereby ISI's judgment, which is held by Kiribati by assignment or settlement, would be assigned to Marisco in satisfaction of Marisco's judgment against Kiribati. Mr. Moran was to prepare the necessary paperwork. When he finally sent the draft settlement documents on April 6, 2009, they mentioned an attorney's fee lien which counsel for Marisco knew nothing about. Counsel for Marisco contacted Mr. Moran to inquire about the lien so that he could provide Marisco with more information. Before counsel could discuss the lien with Marisco, on April 10, 2009, Mr. Moran stated that ISI was taking the settlement offer off the table and would obtain writs of enforcement against Marisco's bank accounts on April 13, 2009.

After attempts to resolve the matter were unsuccessful, Kiribati/ISI submitted a Declaration and Request for Issuance of Writs of Execution on April 13, 2009. On or about April 15, 2009, Marisco and Kiribati/ISI agreed to suspend any further collection actions until after May 15, 2009. In the Motion to Enforce Settlement, Marisco seeks specific enforcement of the settlement allegedly reached on February 20, 2009. This Court set the Motion to Enforce Settlement for hearing on June 16, 2009.

In the instant Motion, Marisco seeks an equitable stay of the enforcement of ISI's judgment until this Court can hear the Motion to Enforce Settlement. Marisco argues that an

equitable stay is warranted because the parties did have a binding settlement agreement and Marisco will be irreparably harmed if Kiribati/ISI is allowed to collect on ISI's judgment. Marisco asserts that, if Kiribati/ISI is allowed to execute against Marisco's bank accounts, it would likely force the shutdown of Marisco's operations.  Further, although the amount of Marisco's judgment against Kiribati is larger than the amount of ISI's judgment against Marisco, Marisco would not be able to collect its judgment because Kiribati has virtually no assets apart from the ISI judgment against Marisco.

Kiribati/ISI opposes the Motion arguing essentially that there is no binding agreement between the parties. Kiribati/ISI emphasizes that the parties never executed a written settlement agreement, nor did they place the terms of the purported settlement on the record.  Mr. Moran states that he never had authority to bind his clients to a settlement agreement via email with Mr. Freed.  Kiribati/ISI argues that there is no reason to delay enforcement of ISI's judgment against Marisco. They also contest Marisco's claim that it would be irreparably harmed by the execution.  Kiribati/ISI alleges that Marisco is fully insured for the amount of the ISI judgment.

## **DISCUSSION**

The procedural posture of this case is unusual. Marisco seeks a stay of the execution of the judgment, but it is

6

not a stay pending post-trial motions or an appeal.  <u>See</u> Fed. R.

Civ. P. 62(b), (d).  Marisco seeks a stay of the execution of the

judgment in CV 02-00272 pending a post-judgment Motion to Enforce

Settlement in CV 02-00093.  This Court finds that a motion for

stay pending appeal is the most analogous situation and will

therefore apply that standard in the instant case.

        The standard applicable to a motion for a stay pending

appeal is similar to the standard for a motion for a preliminary

injunction.  <u>See</u> <u>Natural Res. Def. Council, Inc. v. Winter</u>, 502

F.3d 859, 862-63 (9th Cir. 2007) (citing <u>Hilton v. Braunskill</u>,

481 U.S. 770 (1987)).

> The factors regulating issuance of a stay
> [include]: (1) whether the stay applicant has
> made a strong showing that he is likely to
> succeed on the merits; (2) whether the
> applicant will be irreparably injured absent
> a stay; (3) whether issuance of the stay will
> substantially injure the other parties
> interested in the proceeding; and (4) where
> the public interest lies.
>
> <u>Hilton</u> emphasizes that even "failing" a strong
> likelihood of success on the merits, the party
> seeking a stay may be entitled to prevail if it
> can demonstrate a "substantial case on the merits"
> and the second and fourth factors militate in its
> favor.

<u>Id.</u> at 863 (quoting <u>Hilton</u>, 481 U.S. at 776, 778) (alteration in

original) (emphases omitted).

    1.   <u>**Success on the Merits**</u>

        The parties dispute whether there was a binding

settlement agreement requiring ISI to assign its judgment in CV

7

02-00272 to Marisco in satisfaction of Marisco's judgment in CV

02-00093.  This Court, however, cannot even address the merits of

the parties' positions on this issue if it does not have

jurisdiction over the Motion to Enforce Settlement.

> In general, "[e]nforcement of [a] settlement
> agreement . . . whether through award of damages
> or decree of specific performance, is more than
> just a continuation or renewal of the dismissed
> suit, and hence requires its own basis for
> jurisdiction." <u>Kokkonen [v. Guardian Life Ins.
> Co. of Am.</u>], 511 [U.S. 375,] 378 [(1994)].
>
> The doctrine of ancillary jurisdiction
> provides an exception to this rule.  Federal
> courts have ancillary jurisdiction "over some
> matters (otherwise beyond their competence) that
> are incidental to other matters properly before
> them." <u>Id.</u>  Specifically, a federal court has
> jurisdiction to enforce a settlement agreement in
> a dismissed case when the dismissal order
> incorporates the settlement terms, or the court
> has retained jurisdiction over the settlement
> contract.  <u>Id.</u> at 381-82, 114 S.Ct. 1673.  In both
> instances, the party seeking enforcement of the
> settlement agreement must allege a violation of
> the settlement agreement in order to establish
> ancillary jurisdiction.  <u>See</u> <u>O'Connor [v. Colvin]</u>,
> 70 F.3d [530,] 532 [(9th Cir. 1995)] ("Without a
> violation of the court's order, there is no
> jurisdiction.").

<u>Alvarado v. Table Mountain Rancheria</u>, 509 F.3d 1008, 1017 (9th

Cir. 2007) (some alterations in original).

In the present case, the Stipulated Judgment neither

sets forth the terms of the settlement allegedly requiring the

assignment of the judgment in CV 02-00272, nor does it state that

the district court retains jurisdiction over the settlement.

This Court is therefore inclined to find that there is no

8

jurisdiction over the parties' settlement, assuming that there was one.  Marisco has failed to make a strong showing that it is likely to succeed on the merits of the Motion to Enforce Settlement.

### 2.   <u>Irreparable Injury and the Public Interest</u>

Under <u>Hilton</u>, however, a party that fails to make a strong showing that it is likely to succeed on the merits can still obtain a stay of the enforcement of judgment if it has a substantial case on merits and the possibility of irreparable harm if a stay is denied and the public interest weigh in favor of granting the stay.  Even assuming, *arguendo*, that Marisco had a substantial case on the merits of the Motion to Enforce Settlement, this Court would not recommend a stay of the enforcement of judgment.

ISI's judgment in CV 02-00272, originally $189,760.30 plus ten percent interest from October 8, 2001, is currently worth approximately $360,000.  Marisco has represented that, if ISI is allowed to go forward with its writs of execution against Marisco's bank accounts, it could effectively grind Marisco's operations to a halt.  Marisco's payroll checks would bounce and it would severely disrupt the services that Marisco provides to its customers, including the United States Navy.  Further, Marisco would likely be unable to collect its judgment against Kiribati in CV 02-00093 for $200,000, plus ten percent interest

from October 1, 2001.  Mr. Moran admitted during the hearing on the Motion that the only asset that Kiribati has is the Madee, which is in Tahiti.  He has also stated in emails to Marisco's counsel that Kiribati does not have any money and that Kiribati has many other unsecured creditors.  [Marisco's Reply to Decl. of Dennis Moran, filed 5/14/09 (dkt. no. 593), Decl. of Counsel, Exh. A at 1, 5.]  Mr. Moran also stated that, of the approximately $360,000 judgment that ISI has against Marisco, $309,323 is subject to his attorney's fee lien, leaving a little less than $50,000 potentially available to Marisco to satisfy the judgment in CV 02-00093, which would be worth approximately $370,000.[3]  [Id. at 1.]  This Court therefore finds that Marisco will be irreparably injured if the enforcement of the judgment in CV 02-00272 is not stayed.

Marisco, however, must also prove that the public interest weighs in favor of granting the stay.  Cases implicating a public interest involve, for example, the preservation of the environment or national defense.  See, e.g., Natural Res. Def. Council, 502 F.3d at 863.  In contrast, the instant cases involve a private matter between two companies.  The Court therefore finds that the public interest does not weigh in favor of a stay

---

[3] Mr. Moran wrote this e-mail on April 10, 2009, before the entry of the Stipulated Judgment, on the assumption that Marisco would obtain a judgment for $200,000 plus twelve percent interest.  [Marisco's Reply to Decl. of Dennis Moran, filed 5/14/09 (dkt. no. 593), Decl. of Counsel, Exh. A at 1.]

pending the resolution of the Motion to Enforce Settlement.

Thus, even assuming, *arguendo*, that Marisco has a substantial case on the merits of the Motion to Enforce Settlement, this Court FINDS that a stay pending the resolution of the Motion to Enforce Settlement is not warranted.

### CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Marisco's Motion for Stay of Enforcement of Judgment Entered July 8, 2005, filed on May 11, 2009, should be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, May 19, 2009.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MARISCO, LTD. V. F/V MADEE, ET AL.; CV 02-00093 DAE-LEK; INT'L SPECIALTY INC. V. MARISCO, LTD.; CV 02-00272 DAE-LEK; FINDINGS AND RECOMMENDATION TO DENY MARISCO'S MOTION FOR STAY OF ENFORCEMENT OF JUDGMENT ENTER JULY 8, 2005**