IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARISCO, LTD., a Hawaii corporation, ) ) ) Plaintiff, ) ) vs. ) ) F/V MADEE, UNITED STATES ) COAST GUARD DOCUMENT NO. ) D546488, IN REM, ET AL., ) ) Defendants. ) _____ ) INTERNATIONAL SPECIALTY, INC. ) AS AUTHORIZED AGENTS FOR ) NATIONAL CASUALTY CO., ) ) Plaintiff, ) ) vs. ) ) MARISCO, LTD., ) ) Defendant. ) _____ ) | CIVIL NO. 02-00093 DAE-LEK  CIVIL NO. 02-00272 DAE-LEK |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART MARISCO'S MOTION TO QUASH AND/OR
RESTRAIN ISSUANCE OF WRITS OF EXECUTION AND
<u>EX PARTE EMERGENCY MOTION TO QUASH WRITS OF EXECUTION MOTION</u>**

Before the Court, pursuant to a designation by United States District Judge David Alan Ezra, are Marisco Limited's ("Marisco") Motion to Quash and/or Restrain Issuance of Writs of Execution ("Motion to Quash"), filed on May 18, 2009, and Marisco's Ex Parte Emergency Motion to Quash Writs of Execution Issued May 20, 2009 ("Emergency Motion"), filed on May 20, 2009. Both motions seek to quash the six Writs of Execution (collectively "the Writs") directing the named financial

institutions to levy upon Marisco's personal property, including financial accounts, in satisfaction of the judgment that International Specialty, Inc., as authorized agents for National Casualty Co. ("ISI"), obtained against Marisco in <u>International Specialty, Inc. v. Marisco, Ltd.</u>, CV 02-00272 DAE-LEK ("ISI Judgment").[1]  The Clerk of the Court issued the Writs on May 20, 2009.[2]

The Motion to Quash came on for hearing on May 27, 2009.  Appearing on behalf of Marisco were Michael Freed, Esq., by telephone, and David Vann De Cordova, Esq.  Appearing on behalf of ISI and Kiribati Seafood Company, LLC ("Kiribati") was Dennis Moran, Esq.  The Court gave the parties leave to file supplemental briefing by the end of the day.  Only Marisco filed a timely supplemental brief.[3]  The Court took both the Motion to Quash and the Emergency Motion under advisement on May 27, 2009.

---

[1] On May 29, 2009, ISI and Kiribati filed a notice stating that Kiribati assigned and sold all of its legal and equitable right, title, and interest in the ISI Judgment to Ka Lae LLC, a Washington State LLC ("Ka Lae").  Mr. Moran also represents Ka Lae in this matter.

[2] The Motion to Quash also sought to prevent the issuance of the Writs because, at the time that Marisco filed the Motion to Quash, ISI had submitted its applications for the Writs, but the Writs had not yet been issued.  At the hearing on the Motion to Quash, counsel for Marisco acknowledged that the request to prevent the issuance of the Writs became moot once the Clerk of the Court issued the Writs.

[3] ISI/Ka Lae responded to Marisco's supplemental brief in their Opposition to Marisco's Various Motions for Shortened Time, Stay, TRO, Etc., filed on June 3, 2009.

After careful consideration of the motions, supporting and opposing documents, and the arguments of counsel, this Court HEREBY FINDS AND RECOMMENDS that the Motion to Quash and the Emergency Motion be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

These consolidated cases arise from the contractual relationship between Kiribati and Marisco for the repair of Kiribati's fishing vessel, the F/V Madee.  In Civil Number 02-00093, Marisco sought to collect unpaid amounts on the repair contract.  In Civil Number 02-00272, ISI, Kiribati's insurer, sought to recover repair costs for damages that the Madee sustained because of Marisco's negligent attachment of its starboard rudder.  The ISI Judgment against Marisco is in the amount of $189,760.30, plus costs and pre-judgment interest.  Until the recent transfer to Ka Lae, Kiribati was the holder of the ISI Judgment pursuant to assignment or settlement.  In Civil Number 02-00093, there is a stipulated judgment in favor of Marisco and against Kiribati in the amount of $200,000, plus pre-judgment interest.

In the instant motions, Marisco contends that the Writs are procedurally improper because levy is not available to execute a judgment against financial accounts.  Marisco argues that ISI/Kiribati should have sought garnishment of the accounts

instead.  At the hearing, counsel for ISI/Kiribati agreed that judgments can be executed against financial accounts via garnishment.  However, counsel argued that there is no statute, rule, or case law requiring execution by garnishment and that execution by levy is available to ISI/Kiribati.

## DISCUSSION

Federal Rule of Civil Procedure 69(a)(1) states: "A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Rule 69(a) "permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits."  Engquist v. Oregon Dep't of Agriculture, 478 F.3d 985, 1001 (9th Cir. 2007) (citation and quotation marks omitted).

ISI/Kiribati does not contest that they could have garnished Marisco's financial accounts to satisfy the ISI Judgment.  At the hearing, counsel for ISI/Kiribati acknowledged that garnishment is the more commonly used method of execution against financial accounts.  Thus, the issue is whether levy is also an available remedy.

Haw. Rev. Stat. § 651-42 provides: "Every levy by an officer, in pursuance of a writ of execution issued by any court

4

or judge, shall be made by taking the property levied upon into the officer's possession, care, and guardianship, and at the officer's option, by removal of the same to some place of security."  Marisco argues that levy only applies to movable or tangible property.  [Suppl. Brief, filed 5/27/09 (dkt. no. 628), at 2-3 (citing Everett v. Bolles, 6 Haw. 153 (1875) ("It is an essential ingredient of a levy that the property levied upon be taken into the possession, care or guardianship of the officer. He must have the property in his power and control.") ("It is true that by our code a judgment is a lien on the movable property of the defendant in execution, but it is only such from the time of levy[.]")).]  Nothing in § 651-42 requires that the property levied upon be tangible or movable.  A financial account is arguably a judgment debtor's property and the levying officer can assume possession, care, guardianship, power, or control over the account.

The provisions of Chapter 651 dealing with the sale of property levied upon provide more guidance.  Haw. Rev. Stat. § 651-43 states, in pertinent part: "The officer shall, after levy, **advertise for sale the property levied upon, whether real or personal** . . . ."  (Emphasis added.)  Haw. Rev. Stat. § 651-44 states, in pertinent part: "The officer shall, on the day and at the place set for the public sale unless paid the amount of the judgment, interest, and costs, and the officer's fees and

disbursements accrued upon the writ, **sell the property advertised to the highest bidder.**" (Emphasis added.)  Cash held in a financial account is arguably personal property.  See Black's Law Dictionary 1254 (8th ed. 2004) (defining "personal property" as "[a]ny movable or intangible thing that is subject to ownership and not classified as real property").  However, Chapter 651 contemplates that property levied upon will be advertised for sale and sold to the highest bidder.  This indicates that cash in a financial account is not property subject to levy because cash does not need to be sold.  It can immediately be applied toward the satisfaction of the judgment.  In contrast, other types of financial accounts, such as a certificate of deposit which has not matured, cannot immediately be applied toward the satisfaction of the judgment.  Those types of financial accounts arguably need to be sold to obtain funds to satisfy the judgment.

      This Court FINDS that, under Hawaii law, levy is not an available remedy for the execution of a judgment against cash on deposit in a financial institution.  The Court further FINDS that the Writs were inconsistent with Hawaii law to they extent that they directed the named financial institutions to levy against Marisco's cash on deposit with the institution.  This Court therefore RECOMMENDS that the Motion to Quash and the Emergency Motion be GRANTED as to Marisco's cash on deposit with the financial institutions named in the Writs.

This Court need not address the issue whether other types of financial accounts are subject to levy because there is no indication in the record that Marisco has other types of accounts which have been levied upon by ISI.  [Motion for Recon. of May 28, 2009 Order, filed 5/28/09 (dkt. no. 630), Decl. of Counsel (stating that First Hawaiian Bank has frozen the sum of $440,268.64 in Marisco's accounts pursuant to the Writ issued to it).]

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Marisco's Motion to Quash and/or Restrain Issuance of Writs of Execution, filed on May 18, 2009, and Marisco's Ex Parte Emergency Motion to Quash Writs of Execution Issued May 20, 2009, filed May 20, 2009, be GRANTED IN PART AND DENIED IN PART.  This Court RECOMMENDS that the Writs of Execution, issued on May 20, 2009, be QUASHED as to cash on deposit in Marisco's accounts at the financial institutions named in the Writs of Execution.  This Court RECOMMENDS that the Motion to Quash and the Emergency Motion be DENIED in all other respects.

IT IS SO FOUND AND RECOMMENDED.

7

DATED AT HONOLULU, HAWAII, June 12, 2009.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MARISCO, LTD. V. F/V MADEE, ET AL; CV 02-00093 DAE-LEK; INTERNATIONAL SPECIALTY, INC. V. MARISCO, LTD.; CV 02-00272 DAE-LEK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MARISCO'S MOTION TO QUASH AND/OR RESTRAIN ISSUANCE OF WRITS OF EXECUTION AND EX PARTE EMERGENCY MOTION TO QUASH WRITS OF EXECUTION MOTION**